## Wytheville.

## BOTTOM v. MOORE, AUDITOR.

### June 27, 1916.

1. PUBLIC OFFICERS—*Increase of Salaries During Term—Constitutional Law.*—Section 83 of the Constitution of this State forbidding the increase of the pay of State officers during their term of office, applies only to such officers as are mentioned in Article V of the Constitution as comprising the executive department of the State government, and does not apply to officers whose positions are created and may be changed or abolished by the General Assembly.

Original application for a mandamus.

*Awarded.*

*James E. Cannon,* for the petitioner.

*John Garland Pollard, Attorney-General,* for the respondent.

BY THE COURT.

This day came again the parties, by counsel, and the court having maturely considered the petition of the plaintiff, the demurrer of the respondent, and the arguments of counsel, is of opinion, that section 83 of the Constitution of the State of Virginia, relied upon by the respondent in the first ground of his demurrer, applies only to such public officers as are specifically mentioned in Article V. of the Constitution as comprising the executive department of the State government and does not apply to officers whose positions, like that of the plaintiff, are created by and may be

changed or abolished by the General Assembly; and the court is further of opinion that the respondent's second ground of demurrer, based upon an alleged violation of the Constitutional inhibition against special and private legislation is not only practically waived in the brief of the respondent's counsel but is also without merit.

It is, therefore, adjudged and ordered that a peremptory writ of mandamus do forthwith issue, directed to the said C. Lee Moore, Auditor of Public Accounts, commanding and requiring him to at once issue to the said Davis Bottom warrants for his salary as Superintendent of Public Printing for the month of March, 1916, and thereafter at the rate fixed by the act of March 24, 1916; but no costs shall be taxed against the said respondent.

And it is further ordered that service of a copy of this order upon the respondent shall have the same force and effect as if a formal peremptory writ of mandamus was duly issued and served according to law.

*Mandamus Awarded.*